Argued and submitted October 3, reversed and remanded December 14, 1994

# STATE OF OREGON,
*Appellant,*

*v.*

# EDWARD WILLIAM TOBIAS,
*Respondent.*

## (C93-06-32751; CA A81847)

887 P2d 366

Douglas F. Zier, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Adam Dean, Certified Law Student, argued the cause for respondent. With him on the brief were Des Connall and Gayle Kvernland.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

The state appeals from an order suppressing evidence. We reverse.

A police officer interviewed two children who had reported that they had been sexually abused. During the interview, which took place at the home of one of the children, one of the children saw defendant walking down the street and identified him as the perpetrator. After concluding the interview, the officer went outside and spoke to defendant, who lived in the area, for about 45 minutes. The officer did not formally arrest defendant or give him *Miranda* warnings. The officer told defendant that "several children had made complaints of inappropriate touching" and asked defendant "if he had touched any of the neighbor children in places he shouldn't have." Defendant denied that he had inappropriately touched any children, but he also made some statements that could be construed as being incriminating. Two days later, the officer arrested defendant. Later, defendant moved to suppress all allegedly inculpating statements he made during his initial contact with the officer.

At the conclusion of the suppression hearing, the trial court made these findings of fact and conclusions of law:

"[T]he findings of fact that I would make would be that the officer, based on his testimony, had one suspect in mind when he decided to speak with defendant. There were no other suspects in mind.

"In fact, the testimony has been that one of the witnesses that he spoke with pointed out the defendant as he was walking down the street; that the officer misrepresented certain information to the defendant by telling him that the officer had been told that several alleged victims had reported some misconduct on the part of the defendant, which could have affected the defendant's understanding of the nature of any charges that might be made against him; and that under the circumstances, although he was not put under arrest, it seems to the court that the defendant should have been advised of his Miranda rights at the time.

"Whether or not further findings are required, I don't know, but, in my opinion, I don't think that the defendant voluntarily made these statements with knowledge of the

circumstances correct — correct knowledge of these circumstances based on what the officer told him."

The state assigns error to the suppression of defendant's statements to the officer. It argues that, under the circumstances, the officer did not need to advise defendant of his constitutional rights and that defendant's statements were voluntary. Defendant argues that *Miranda* warnings were required under Article I, section 12, of the Oregon Constitution and the Fifth Amendment, before he was questioned and that he did not voluntarily make any statements. We address the state constitutional claim first. *State v. Kennedy*, 295 Or 260, 262, 666 P2d 1316 (1983).

■ *Miranda*-like warnings are required when a defendant is in full custody or when circumstances create a "compelling" setting. *State v. Smith*, 310 Or 1, 17, 791 P2d 836 (1990). The evidence that defendant refers to in support of his argument that he was in custody or in a compelling setting is that the officer questioned him for more than 45 minutes as a suspect in an alleged crime. Defendant also contends that he was "unable to leave and compelled to answer the questions put to him by the officer." The uncontradicted evidence is that the conversation between the officer and defendant took place in a familiar setting: on a public street in the neighborhood where defendant lives. The conversation was "very casual," and defendant was "fairly comfortable with the conversation." He was free to refuse to answer questions. The officer did not frisk defendant, threaten him with arrest or physically detain him. Defendant walked home after the conversation ended. Under those circumstances, the fact that the conversation lasted 45 minutes is not dispositive. Further, because the officer questioned defendant as a suspect "does not inherently create a 'compelling' setting for Oregon constitutional purposes." In short, the evidence indicates that the officer did not compel or pressure defendant to make any statements. Accordingly, we conclude that the officer did not violate Article I, section 12, by failing to give defendant *Miranda*-like warnings before questioning him. We also conclude that defendant was not in custody for purposes of the federal constitution. 310 Or at 11.

■ Defendant next argues that his statements should be suppressed because they were not voluntary. He contends the

officer misrepresented that "several" children had accused him of inappropriate touching, when, in fact, only two children had done so, and failed to tell him that other children in the neighborhood with whom defendant had contact denied that he had touched them inappropriately.

The state has the burden to prove that defendant's statements were voluntary. "Voluntariness is determined by the totality of the circumstances; police trickery or false statements, alone, may not be sufficiently coercive to result in involuntariness." *State v. Burdick*, 57 Or App 601, 606, 646 P2d 91 (1982). Even though the officer said that "several" children, instead of two, had accused defendant of inappropriate touching, we conclude that, in light of the surrounding circumstances, "defendant's will was not overborne and his capacity for self-determination was not critically impaired." *State v. Vu*, 307 Or 419, 424, 770 P2d 577 (1989). The state met its burden of proving voluntariness. *See State v. Smith, supra*, 310 Or at 10; *State v. Harmon*, 77 Or App 705, 710, 714 P2d 271 (1986), *rev den* 301 Or 240 (1986).

Reversed and remanded.